*518 Pearson, J.
ff’he single question is, was it the duty of the jury to presume title out of the State, from the fact that actual possession had been held of the land from 1S22 until 184(5, under a connected chain of registered deeds, with the exception of five years (from 1822 to 1821) during which [it was unoccupied ?
The presum'ption of a grant, from long possession, is not based upon the idea, that one actually issued ; but because public policy and “the quitting of titles” make it necessary to act upon thkt presumption. It is the duty of the Court to instruct the jury,-when land has been for a long time treated and enjoyed as private property, to presume that the State has parted wdth its title, unless the presumption is repélled by proof that such is not the fact. Long 'possession changes the truth of proof: and a grant is to be pursumed. not because the jury believe, as a fact, that one issued, but because there is no proof that it did not issue. So if one suffers water to be ponded upon his land for twenty years, the jury are told topresume a grant of the easement, not because they believe a deed was executed, (for, ifso. it would be seldom worth while to rely upon the presumption.) but because there is no proof that one was not executed: so if a bond has been standing for twenty years, (ten by Statute,) the jury are told to presume it has been paid, unless it be shown that it was not paid. So if a woman swears a child, under the bastardy act. the jury are told to presume the person charged to be the father, not because the evidence satisfies them that he is, but because he is to be so considered for the purpose of maintaining it,unlesshe can show that he is not the father.
These instances are stated to explain the nature of the presumption, upon which the defendants’ title rests. What will raise the presumption and what will repel it. are questions of law, about which it is the duty of the Court to direct the jury; whether the fact be proved or not is solely for the jury ; but whether there be a presumption, *519 or whether it be repelled, are not open questions, for the jury to decide, according to their belief of the fact, upon circumstantial evidence.
In England a possession of sixty years or more is required. The earlier cases in this State also required sixty years. But the necessity of the rule, and its manifest good policy, in a new settled country, induced our Courts to shorten the time ; and by successive decisions it has been reduced to fiftv, forty, thirty years, and an intimation is made that it might be supported by twenty-five years.
The necessity of the rule arises from the difficulty of making proof in relation to transactions of a remote date. The loss of papers, death of witnesses, treachery of memory, make it almost impossible to establish with legal precision, the existence of facts which occurred many years ago. Reasonable presumption must therefore be acted on. Long possession affords this reasonable presumption. To require proof of particulars and of detail, as to past occurrences, would be inconsistent with the necessity, which gives rise to the rule, and render its practical application impossible. For instance, it has been proved that for sixty years a tract of land has been occupied and treated as private property, first by A., then B., C. and D. This general fact can be proved. But, if, before the presumption of title out of the State can be made, it be necessary to go into particulars and show the connection between A., B., C. and D., and how one claimed and derived title from the other, &c„ these particular facts cannot be proved. This difficulty of making proof is the foundation of the rule. Hence to require such proof is inconsistent with the reason of the rule, prevents its practical application, and renders it illusory and useless, in the very cases where it is most needed. We find it therefore settled in Fitzrandolph v. Norman, N. C. Term Rep, 131, which is followed by the recent case of Chandler v. *520 Lunsford, 4 Dev. & Bat. 407, that a connection between the occupants need not be shown, but the general fact, that the State or its agents allowed first one and then another to use the land as private property for a long time, raises the presumption, that the State had granted the title to some one. It is not necessary to fix upon any one in particular as grantee, so the title is out of the State. These tw o cases, it seems to me, settle the question. For the very same reasons, which dispense with the necessity of showing a connection between the occupants, also show that it cannot be expected and is inconsistent with the reason of the rule, to require proof of a connection between the periods of time, when such possession was held, as that when A. quit the land, B. immediately entered ; so with C. and D.; for it is just as impossible, after the lapse of a great many years, to show the particulars, as whether it was a month, six months, a year, ten years, fyc., after A left before B. entered, and so as to C. and D., as it is to show by what title B., C. and D. came in ; and there is the same reason for dispensing with proof of the one as of the other. The substance of the rule is, that the land shall be held as private property, for a great many years, and as the occupants need not be connected, so the periods of time need not be, provided the time it is so occupied (for this is the essence of the rule) be for sixty years or more, as the rule at first stood. But it is said, since the time is reduced to thirty years, there is not the same difficulty of proof, as to the period of time, when one went out and the other came in. True, nor is there the same difficulty of proof as to the connection of the occupants. But as to this latter circumstance, it is not pretended that the rule is changed by shortening the time : why should it be so,.as to the former? There is no intimation, in any of the cases, that the timéis made shorter,upon condition, that there should be a compensating change by showing a connection between the persons and the periods of pos *521 session. On the contrary, the decisions are put upon the ground, that the rule remains the same in other respects. Its policy is so beneficial, that the time should be made shorter. So, if a connection between the periods of possession was not necessary, when the time was seventy years or more, there is no authority for making it necessary, now that the time is thirty years.
The course of the Courts in shortening the time has been concurred in by the Legislature. The Act of 1791, under certain circumstances, gives title from a possession of twenty one years. That act does not supersede the common law rule, but gives a new mode of acquiring title, leaving the common law presumption as it was. It gives a title against the State from twenty-one year’s possession, if these things concur, color of title, connection between the occupants, and continued possession. It is certain that the first two are not requirements of the common law rule, and the connection, in which the third is used, tends to confirm the conclusion that it was not. At all events the fact that the Act of 1791 requires a continued possession, furnishes no proof that the common law rule did so. The argument proves too much, for it ■would follow that color of title and connection between the occupants were requisite by common law, as they are required by the act. Care should be taken not to confound the common law rule, with this statute. I have no doubt that a failure to keep the difference in mind, has, among the profession and in the reports, introduced a confusion in the use of words, which is the next thing to a confusion of ideas, and unconsciously leads the mind to a false conclusion. In the English books nothing is said about continued possession, and I find no case where an interval in the possession, such as occurred in this case is noticed or made a point of. The language of the books is, “title will be presumed from long possession” — “a possession for a great many years, authorizes a presumption *522 of any thing to support the title” — -and when the expres. sion of “uninterrupted possession” is used, it is not to convey the idea of “continued” in the sense we use it — incessant, unceasing — but to convey the idea, that the occu* pant has not been “interfered with” or “evicted” by the assertion of an adverse title. His possession is not considered as interrupted, although he may not, as few owners do, find it convenient at all times to keep “his foot” upon the land. The phrase, in reference to prescription, of which the rule of presumption isa modification, is not that the enjoyment has continued — incessant, unceasing —but that “the memory of man runneth not to the contrary ;” that is, no living man can recollect a time, when the enjoyment was prevented or hindered, by one denying the right, which would be a notable fact, apt to arrest public attention. Whereas the silent fact of permitting a tract of land to be unoccupied for a season would escape attention, and no stress was laid upon it. In our books, although there has been a decision upon it, the Judges^ in treating of the common law presumption, frequently use the words “long continued possession of the party or those under whom, he claims” These words are as much out of place, as would be the words “color of title,” in re» ference to the common law presumption; but when a connection between the occupants appears in a case, and no question is made as to the continuance of possession, the use of these words, it is supposed, does no harm, and they are unconsciously imported from the Act of 1791, and this imperceptibly creates an impression, that the common law rule had similiar provisions.
The. Act of 1791 creates a legislative grant, and the act of 1715 ripens the title. Hence it was proper, not only to require color of title, but a connection between the occupants and a continued possession. On the contrary, the common law rule does not confer a title, but simply raises a presumption, that the State has parted *523 with it. As there is such a difference in the results, it would be strange if the requirements were the same
A plaintiff in ejectment shows color of title and seven years possession in the lessor. He then shows a grant to the defendant; this entitles him to recover So, if he shows that the defendant was in possession, under color of title twenty-one years or without color of title thirty years, or that the defendant was in possession twenty-four years when the lessor evicted him. The defendant’s possession for twenty four years, added to the lessor’s possession of seven years takes the title out of the State, which is sufficient for the purpose of the plaintiff, if the State is presumed to have parted with her title, because A. is permitted to keep possession twenty-four years, and R. (who evicts him) seven years. The like result would follow, it would seem, if A. is permitted to keep possession twenty years at one time and fifteen at another, after an interval of five years ; for, in both cases, there is a new possession, and, if that does not prevent the presumption in the one, there is no reason why it should in the other. In the latter case, A. has been permitted to keep possession thirty-five years. This is inconsistent with a title in the State, and the fact that the land lay idle for five years, has no bearing on the question, because it does not tend to prove that the State had not granted the land, unless this state of things was caused by actual possession being taken for the State or some assertion of her title ; for if A. let the land lie idle, merely because it was not convenient for him to occupy it, it is difficult for me to conceive how perfect inaction, on the part of the State and its agents, can repel a presumption, which otherwise would be made, and show that the State had not granted the land. The proposition involves the absurdity of making the title of the State depend upon a mere accident, not affected in the slightest degree by any action on her part; the very reason for making the pre *524 sumption, being the inaction of the State and her agents, for a great many years, while individuals are using the land as private property.
The argument urged to show that there must be continued possession is, that, at the end of twenty years, if A. goes out, the State, not having lost her title, has a constructive possession, so that when he comes back, after five years, he has a new possession, and thus there is a new point of departure, from which , the time begins to run. The same reasoning would show the necessity of a connection between the occupants ; for when a third person takes possession, there is a new possession. But in truth the reasoning is fallacious, as applicable to a common law presumption, and is an importation from the act of 1715, which takes away the right of entry of the owner, if he fails to enter or make claim in seven years next after his right accrues. Under this act, if the possession is left vacant, before the seven years expire, and the trespasser afterwards enters, this sécond entry isa new trespass, a new cause of action and the time begins to run from such new right of action. So if a third person enters and evicts the first trespasser, before the seven years expire, this is a new cause of action and the time begins to run from that date. For as the object is to acquire a title under the statute, its provisions must be rigidly complied with. Holdfast v. Shepard, 6 Ire. 364. But where the object is to show title out of the State merely, the matter is entirely different. The connection between the occupants is not necessary and the possession need not be continuous. The fallacy of the argument lies in attempting to draw an analogy from a statute and apply it to a rule of the common law, and in not giving due weight to the distinction, that the statutes perfect title; the common law rule only presumes title out of the State. The statutes countenance and aid the common law rule, and, by no fair inference, can this be máde to abridge it.
*525 The defendant cannot show title in himself undqr'the act of 1791. His actual possession was only continued' twenty years and six months at any one time, and the requirements of the statute must be rigidly complied with. But the rules of the common law are more pliable and Jit themselves to every combination of circumstances, when there “is the like reason.” Its admirers boast that, “reason is the life of the law,” and ‘‘when there is the like reason, there is the like law.” If a continued possession for thirty years, without color of title, and without showing a connection between the occupants, raises a presumption, that the title is out of the State, does not the “like reason” call for the same presumption, when there has been a possession for forty-two years, by persons claiming under a connected chain of registered deeds, with the exception of five years, when the land was unoccupied'? Is not the probability, upon which the presumption is founded in aid of proof, as great, if not more so, in the latter case, than in the former? or can that system of law, which in the one case secures the title, and does not in the other, deserve the high distinction of being the “perfection of reason ?”
The objection, that, in order to justify the presumption, the possession must be shown to have been unceasing for thirty years, (if an interval of five years be fatal, five months must have the like effect,) is nowmade for the first time. Its.novelty certainly doesnot recommend it. There 'is no decided case to sustain it. The only countenance it receives is from a few loose expressions, evidently drawn from the act of 1791. The reason of the thing and the foundation of the rule of presumption directly oppose it.
Nash, J., Concurred.